### EDSON vs. HAYDEN, Treasurer &c.

If the treasurer of a school district has money belonging to the district and devoted to the payment of teachers' wages, and refuses to pay it over on a proper order and demand, he becomes personally liable to the teacher.

In an action by the teacher to enforce such personal responsibility, if the complaint fails to allege that such treasurer had in his hands at the time the order was

presented to him for payment, moneys of the district sufficient to pay it, and properly applicable to its payment, it will not be *presumed* that he had such moneys because before such presentment the time had passed when by law it was the defendant's duty to apply for and receive from the town treasurer the school moneys belonging to his district.

But where the complaint in such an action was defective in failing to allege that the defendant had moneys in his hands to pay said order when presented, it was error for the circuit court to refuse leave to amend by inserting such an allegation.

APPEAL from the Circuit Court for *Columbia* County.

This action was commenced before a justice of the peace. The complaint alleges that on the 11th of April, 1863, the plaintiff, *Mary E. Edson*, received an order on the defendant as treasurer of School District No. 7, &c., for $50 in payment for services rendered by the plaintiff to said school district as teacher therein, which order was drawn and signed by the clerk, and indorsed by the director of said school district; that the order was thereupon presented for payment to the defendant, and payment promised by him; that subsequently, in pursuance of defendant's direction, said order was again presented at the store of the defendant, to his agent and servant, for payment; that defendant, by his said agent and servant, wrongfully seized and took the order from the plaintiff, and still retains the same; and that, although often requested, the defendant refuses to pay said order; to the plaintiff's damage $38, it being admitted that $12 had been paid upon the order; and for said sum of $38 judgment is demanded against the defendant " as treasurer aforesaid."

The defendant answered, among other things, that he had paid the order. Judgment against the defendant for $30 damages; from which he appealed to the circuit court. Before the cause came on for trial in that court, the plaintiff applied for, but was refused, leave to amend her complaint by inserting an allegation that the defendant, at the time the order was presented for payment, had money in his hands to pay the same. On the trial, the defendant objected to the reception of any evidence under the complaint, on the ground that

it did not state a cause of action. The court sustaining the objection, the plaintiff moved to amend the complaint by inserting an allegation " that the defendant, at the time said order was presented to him by the plaintiff, had money in his hands for the purpose of satisfying said order, which he had received as treasurer aforesaid for the express purpose of satisfying the same;" but the motion was denied. The plaintiff then moved to amend the complaint by striking out the words in the prayer for judgment " as treasurer as aforesaid;" but this motion was also denied. Judgment of nonsuit was thereupon entered against the plaintiff; from which she appealed.

*G. W. Hazleton*, for appellant :

*Assumpsit* would lie against the defendant. *Boyce v. Russell, Treasurer &c.*, 2 Cow., 444; *People ex rel. Merritt v. Lawrence, Chamberlain &c.*, 6 Hill, 244; *Ex parte Lynch*, 2 id., 46; *Hallock v. Woolsey*, 23 Wend., 328; Graham's Practice, 83; *Brown v. Williams*, 4 Wend., 365; *Gridley v. Gridley*, 24 N. Y., 130. In this state doubtless *mandamus* would also lie. *State ex rel. Brown v. Slavin*, 11 Wis., 153. But it is a cumulative remedy. 2 Hill, 46–7; *State ex rel. Van Vliet v. Wilson*, 17 Wis., 687. 2. The complaint was not defective because it did not allege that the defendant had money in his hands to pay the order. Sec. 37, ch. 155 of the School Code (Laws of 1863), declares that "it shall be the duty of the treasurer of each school district to apply for and receive from the town treasurer all school moneys apportioned to the district, or collected for the same by the said town treasurer, and to pay over on the order of the clerk and director of such district all moneys received by him." These moneys are collected by the town treasurer prior to the first day of January. The summons shows this action to have been commenced in May—four months after the moneys had been collected by the town treasurer and were ready for delivery to the several school district treasurers. The district treasurer must be presumed to know, moreover, when the several terms of school in his own district com-

mence and close, and it would seem to be a presumption of law that he had discharged his official duties with reasonable punctuality and faithfulness, which would involve the collection of the moneys belonging to his district before the lapse of four months, and at least in season to meet orders drawn after that period. This ought to be deemed sufficient when the answer of the defendant does not deny his having the money in his hands to meet the order. Again, the complaint shows a wrongful seizure of the order by the defendant, and refusal to deliver it up. The order therefore became a voucher in his hands for so much money. Will he be allowed, while holding the order and refusing to surrender it, to insist that the complaint fails to allege that the money to pay the same is in his hands? 3. If defective in this respect, the complaint was amendable. Code, secs. 77, 78, 81; *Fox River Valley R. R. Co. v. Shoyer*, 7 Wis., 365; *Gregory v. Hart*, id., 538; *Gillett v. Robbins*, 12 id., 319; *Forbes v. School District*, 10 id., 117; *State ex rel. Brown v. Slavan*, 11 id., 153; *Egert v. Wicker*, 10 How. Pr. R., 196; id., 320; *Bate v. Graham*, 1 Kern., 237; *Russell v. Conn*, 20 N. Y., 81; 12 Wis., 59. 4. The words " treasurer " &c., added to the defendant's name, are mere *descriptio personæ*. The amendment to the prayer of the complaint should have been allowed. *Mitchell v. Smith*, 14 Wis., 564; 2 Kern., 336; 20 How. Pr. R., 189.

*Cook & Chapin*, for respondent :

1. A school district is a *quasi* corporation, capable of suing and being sued. Laws of 1853, ch. 155, sec. 7; *School District v. Macloon*, 4 Wis., 79. School district officers are merely the agents of the district, and are not liable to a civil action for acts done or neglected to be done in their official capacity. The treasurer of a school district, therefore, for refusing to pay a school order drawn on him as such, does not subject himself individually to a civil action by the holder of the order. *Denny v. Manhattan Co.*, 5 Denio, 639; 2 id., 115. If otherwise, still the complaint was clearly defective in not alleging that

the treasurer had money in his hands belonging to the district, with which to pay the order. Laws of 1863, ch. 155, secs. 37, 40. 2. This court will not reverse a judgment on account of the refusal of the court below to grant an amendment of the complaint—especially after the trial has commenced—unless there was a manifest abuse of discretion. *Bean v. Moore*, 2 Chand., 44. If the circuit court had allowed the amendment, which was not asked for in the justice's court, thereby creating different issues from those made before the justice, it would have worked great injustice to the defendant.

*By the Court*, COLE, J. Had the complaint in this case contained the averment that when the order therein mentioned was presented to the defendant for payment, he had money in his hands belonging to the school district, with which to pay it, then, it appears to us, it would have stated a good cause of action against the defendant personally, It would then have shown that the defendant had money in his hands which in equity and good conscience he ought to pay the plaintiff, and the law would imply a promise to pay it to the owner. For we think it a very clear proposition, that if the treasurer of school district receives money belonging to his district devoted to the payment of teachers' wages, and refuses to pay it over on a proper order and demand, he becomes personally liable in an action to the teacher. And as we understand this to be a personal action against the treasurer of a school district, we think the complaint is defective for not alleging that when the order was presented to him he had received money as treasurer to pay and satisfy the order. It is said that since the period had elapsed when by law it became the duty of the treasurer to apply for and receive from the town treasurer the school moneys belonging to his district, a court ought to presume that the school district treasurer had discharged his duty, and had money in his hands when the order was presented to him. But no such presumption can be made in aid of the defective alle-

gations of the complaint. It is impossible for a court to say, as a matter of law, that the treasurer had moneys in his hands belonging to the district with which to pay the order. He may have failed to collect and receive any money from the town treasurer, for some valid reason; or may have paid out what he did receive, to discharge some other school orders drawn upon him. If he had not money belonging to the district, with which to discharge the order, it is not claimed that he was under any obligation to pay it out of his own pocket. We think, therefore, the complaint was defective in the particular above stated.

On the trial of the cause in the circuit court, the plaintiff moved to amend the complaint by inserting an allegation to the effect that when the order was presented to the defendant he had in his hands, as treasurer, moneys for the purpose of paying and satisfying the same. The court refused to permit the amendment to be made. We do not readily perceive upon what ground or for what reason this motion was peremptorily denied. It appears to us to have been a very proper case for the court to exercise the power of granting amendments upon such terms as might be deemed just. The decisions of this court would have fully sanctioned such an amendment, and it would have been in accordance with the language and intent of the statute upon that subject. See the cases cited on the brief of the counsel for the appellant, and section 37, chap. 125, R. S.

From the views already expressed, it will be seen that we regard this as an action against the defendant personally, and not one against the school district, and that the addition of "treasurer" &c., is mere *descriptio personœ*.

The judgment of the circuit court is reversed, and the cause remanded for further proceedings.